FILED
 2013 Sep-06 PM 04:00
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTER DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| A. JASON MOODY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 2:12-CV-4056-JHE |
| | ) |
| THE ALABAMA DEPARTMENT | ) |
| OF TRANSPORTATION, et al., | ) |
| | ) |
|     Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The plaintiff initiated this action by filing a complaint on December 10, 2012. He filed his first amended complaint on January 21, 3013, and filed his restated first amended complaint on January 23, 2013.

On May 21, 2013, the court entered an order noting that although the case was six months old, all of the defendants had not yet appeared, and it was unclear whether service had been attempted on all of the defendants. The plaintiff was ordered to file proof of service within fourteen days as to the defendants who had not yet appeared.

On May 23, 2013, the plaintiff filed a Notice Regarding Service, stating all defendants except Chad Standridge have been served. Doc. 35. The plaintiff explained that multiple attempts to serve Standridge at his previous work address and the location believed to be his residence had failed, but that he had new information on a potential location where Standridge might be served, and he would continue his attempts to serve Standridge. *Id*. at 2-3.

On June 11, 2013, two of the defendants, the Alabama Department of Transportation and Johnny L. Harris, moved to dismiss defendant Chad Standridge from the case due to the

plaintiff's failure to perfect service on Standridge within 120 days. Doc. 36. On June 28, 2013, the court entered an order directing the plaintiff to show cause in writing on or before July 11, 2013, why this action should not be dismissed against defendant Standridge. Doc. 38. The plaintiff has filed nothing in response to the court's order to show cause.

>Federal Rule of Civil Procedure 4(m) states:
>
>Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Over 120 days have passed since the plaintiff filed his restated first amended complaint on January 23, 2013. The plaintiff has failed to serve defendant Chad Standridge, and has failed to show cause why Standridge should not be dismissed from this action.

Accordingly, the magistrate judge RECOMMENDS the Motion to Dismiss Defendant Chad Standridge be GRANTED and Chad Standridge be DISMISSED from this action without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2), Fed. R. Civ. P., any party may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and

recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

**DONE** and **ORDERED** on September 6, 2013.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE